**HINCKLEY, ALLEN & SNYDER LLP**
Mitchell R. Edwards, Esq.
Craig M. Scott, Esq. (*pro hac vice* application forthcoming)
Laurel M. Rogowski (*pro hac vice* application forthcoming)
100 Westminster Street, Suite 1500
Providence, RI 02903
Telephone: 401-274-2000
Facsimile: 401-277-9600
medwards@hinckleyallen.com
cscott@hinckleyallen.com
*Attorneys for Plaintiff*
*Dreams USA, Inc.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| DREAMS USA, INC.,<br><br>        Plaintif,<br><br>vs.<br><br>FIVE BELOW, INC.,<br><br>        Defendant. | C.A. No. 25-_____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff, Dreams USA, Inc., brings this action against Defendant, Five Below, Inc., for federal copyright infringement and federal and state unfair competition. By its Complaint, Dreams seeks injunctive relief and monetary damages and alleges as follows:

## PARTIES

1. Plaintiff Dreams USA, Inc. ("Dreams" or "Plaintiff") is a designer, wholesaler and manufacturer of a variety of consumer goods, and is an affiliate and exclusive licensee of Dreams Inc. (Japan). Dreams is a Rhode Island corporation with its principal place of business at 2 Charles Street, Suite 3B, Providence, RI 02904.

2. Defendant Five Below, Inc. ("Five Below" or "Defendant") is a corporation organized under the laws of Pennsylvania, with its principal place of business located at 701

Market Street, Suite 200, Philadelphia, PA 19106.  Five Below conducts retail operations online and through retail stores located, *inter alia*, throughout the State of New Jersey.

## JURISDICTION AND VENUE

3.     This is an action for infringement of Dreams' federally registered copyright under the United States Copyright Act, 17 U.S.C. §§ 101 *et seq.*, for unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and for related state and common law claims.  Subject matter jurisdiction exists under 28 U.S.C. §§ 1331, 1338(a) and (b).

4.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), (c), and 1400(a) in that the claims arise in this District, the Defendant may be found and transacts business in this District, and the injury suffered by Plaintiff took and is taking place in this District.  Defendant is subject to the specific personal jurisdiction of this Court because of its contacts with the State of New Jersey, which include, among others, soliciting and engaging in commercial transactions in New Jersey, including operating retail stores in this District that offer for sale and sell the infringing products at issue in this case.

## FACTS

**Dreams' Intellectual Property**

5.     Founded in 2009, Dreams is the exclusive North and South American distributor of limited-edition art toys, giftware, and lifestyle accessories created by affiliate Dreams Inc. (Japan).  Its products are offered for sale and sold online at sonnyangelusa.com and at select, authorized retailers throughout the Americas.

6.     Among Dreams' most popular items is a line of collectible dolls that are offered for sale and sold in connection with the trademark, SONNY ANGEL®.  "Sonny Angel" is a tiny figure representing a fictitious two-year-old cherub.  SONNY ANGEL® dolls have existed for twenty years, and have seen an explosion in popularity in the United States.  Sales of SONNY ANGEL® dolls increased significantly over the last three years, demonstrating their surge in popularity and the widespread, sustained appeal of the brand.

7. The design, configuration, and original expression of the SONNY ANGEL® doll are copyrighted subject matter under the U.S. Copyright Act, 17 U.S.C. §§ 101 *et seq*. Dreams is the exclusive licensee and copyright claimant with respect to said copyright in North America, Central America, and South America.

8. To protect the original expression inherent in the original design of the "Sonny Angel" doll, Dreams applied for, and the United States Copyright Office issued, U.S. Copyright Registration No. VA 2-380-715 ("Sonny Angel Toy Copyright"). A true copy of Dreams' Sonny Angel Toy Copyright Certificate of Registration is attached hereto as **Exhibit 1**.

9. Dreams is the exclusive licensee authorized to enforce all right, title, and interest in and to the Sonny Angel Toy Copyright, and related trademarks,[1] artwork, characters, and other distinctive elements of the Sonny Angel toy (collectively, the "Sonny Angel IP") in the Americas. Dreams holds the exclusive right to develop, manufacture, market, and sell products bearing, embodying, or incorporating Sonny Angel IP in the Americas.

10. Dreams has invested substantial time, money and effort to develop and maintain the considerable consumer goodwill it enjoys in its Sonny Angel IP. Products sold in connection with the Sonny Angel IP have a reputation for high quality and are sold only through authorized and legitimate resellers. As a result of Dreams' investment in protecting and promoting its intellectual property, the Sonny Angel IP represents valuable commercial assets.

**Five Below's Intentional Copyright Infringement**

11. Five Below operates a chain of retail stores that heavily promotes inexpensive items.

12. Five Below is intimately familiar with the Sonny Angel IP. At the 2023 and 2025 New York International Toy Fairs, for example, Five Below management and buyers visited

---

[1] To protect the substantial goodwill associated with the SONNY ANGEL® brand, Dreams owns U.S. Trademark Registration No. 6,663,607 for the word mark, SONNY ANGEL, for toy figures (the "SONNY ANGEL® Mark"). A true copy of the Certificate of Registration for U.S. Trademark Reg. No. 6,663,607 is attached hereto as **Exhibit 2**. The SONNY ANGEL® registration, filed March 10, 2021, is valid and subsisting, with a first use in commerce date of January 1, 2004.

Dreams' booth displaying Sonny Angel toy figures, including products covered by the Sonny Angel Toy Copyright.

13. At those trade shows, Five Below aggressively pitched Dreams to become authorized retailers of Dreams' products, including the SONNY ANGEL® line of products.

14. Outside of trade shows, Five Below continued to press Dreams to be its "partner" as an authorized reseller of Dreams' product line. According to a Five Below senior vice president, "[g]iven the explosive popularity of Sonny Angel, and Five Below's core competency of offering the most on trend products at the best value, I think a partnership between us could be significant for both of us."

15. In response to these and other overtures, Dreams declined to "partner" with Five Below because of Dreams' product commitments to its authorized representatives, its business and marketing strategy that did not align with the retail segment in which Five Below operates, and Five Below's reputation for selling inferior and infringing goods.

16. Unable to secure a lawful business arrangement with Dreams to resell SONNY ANGEL® toy figures, Five Below chose to source knockoffs that infringe Sonny Angel IP.

17. Today, Five Below is offering for sale, selling, and/or distributing counterfeit dolls that pirate Sonny Angel IP (the "Infringing Products") in its retail outlets, including those in this District. The Infringing Products are available in at least three varieties ("Elephant," "Strawberry," and "Calico Cat") at Five Below retail locations. Representative photographs of Infringing Product packaging being offered for sale at Five Below retail outlets, including these at its Passaic, New Jersey store, are depicted below:

[CONTINUED NEXT PAGE]



The Infringing "Elephant" Product packaging.



The Infringing "Strawberry" Product packaging.



The Infringing "Calico Cat" Product packaging.

18. In addition to product packaging that infringes the Sonny Angel Copyright, the products sold with the packaging are substantially similar to the authentic Sonny Angel figure that is covered by the Sonny Angel Copyright. Comparisons of authentic Sonny Angel dolls and infringing dolls are depicted below:

[CONTINUED NEXT PAGE]







19. The availability of these Infringing Products at Five Below stores also has proliferated on social media—posts and videos promoting Sonny Angel "dupes," such as the ones depicted below as being available for sale at Five Below, demonstrate that consumers consider the Infringing Products as being substantially similar to authentic Sonny Angel dolls:

[CONTINUED NEXT PAGE]



 




20. Moreover, upon physical inspection, the Infringing Products and product packaging are inferior in quality to authentic Dreams products, placing at risk Dreams' reputation for selling quality products.

21. Further compounding Five Below's piratical acts, the Infringing Products' packaging includes a putative federal trademark registration, "PrimeConnect®," indicating product legitimacy:



22. Upon information and belief, no federal registration exists that covers the Infringing Products sold in connection with the "PrimeConnect®" mark, further seeding consumer confusion, deception and/or mistake that the Infringing Products are authentic or endorsed by Dreams.

23. On November 11, 2025, counsel for Dreams sent Five Below a cease and desist letter demanding that it stop using Sonny Angel IP. A true copy of the November 11, 2025 letter is attached hereto as **Exhibit 3**.

24. As of this filing, Five Below has not substantively responded to the cease and desist letter.

25. Defendant has used, and continues to use, the Sonny Angel IP without authorization.

**COUNT I**
**Copyright Infringement – Sonny Angel Toy**
**(17 U.S.C. §§ 101, *et seq.*)**

26. Dreams repeats and realleges the allegations of paragraphs 1 through 25 of this Complaint as if fully set forth herein.

27. Dreams is the owner of a valid federal copyright registration for the Sonny Angel Toy, U.S. Copyright Registration No. VA 2-380-715.

28. Defendant has manufactured, distributed, sold, and/or offered for sale unauthorized, infringing reproductions that pirate the unique expression protected by the Sonny Angel Toy Copyright in the form of dolls and associated product packaging.

29. Dreams has never authorized, licensed, or in any manner permitted Defendant to manufacture, distribute, sell, or offer for sale any merchandise that bears or depicts the Sonny Angel Toy Copyright.

30. Defendant has manufactured, distributed, sold, and/or offered for sale unauthorized merchandise incorporating the Sonny Angel Toy Copyright in direct violation of Dreams' copyright.

31. Defendant committed its acts with actual as well as constructive knowledge of Dreams' exclusive rights, and its actions have contributed to the infringing, copying, duplication, sale, and/or offer for sale of unauthorized copies of the Sonny Angel Toy Copyright. Each act by Defendant that infringes the Sonny Angel Toy Copyright is the basis for a separate claim against Defendant under the Copyright Act.

32. Defendant's acts of copyright infringement are intentional.

33. Dreams has been damaged thereby and has no adequate remedy at law.

34. Defendant's acts as alleged have caused, and are causing, irreparable harm and damage to Dreams and, unless enjoined, said irreparable injury will continue.

35. Upon information and belief, Defendant has obtained gains, profit, and advantages as a result of its wrongful acts.

36. Dreams is entitled, at its option, to statutory damages as provided by 17 U.S.C. § 504 in lieu of actual damages and the Defendant's profits.

## COUNT II
### Federal Unfair Competition and False Designation of Origin
### (15 U.S.C. §§ 1125(a), *et seq.*)

37. Dreams repeats and realleges the allegations of paragraphs 1 through 36 of this Complaint as if fully set forth herein.

38. As a result of Dreams' branding efforts, the public has come to identify the Sonny Angel IP with Dreams and its products.

39. Defendant, by misappropriating and using the Sonny Angel IP in connection with the manufacture, distribution, sale, and/or offering for sale of unauthorized merchandise, misrepresents and falsely describes to the general public the origin and sponsorship of its products and other commercial activities. Moreover, its use of "PrimeConnect®" to suggest improperly that the product is covered by a federal registration is designed to further mislead, confuse and cause consumer confusion.

40. The aforesaid acts of Defendant constitute the use of words, terms, names, symbols and devices and combinations thereof; false designations of origins; and false and misleading misrepresentations of fact that are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association with Dreams, or as to the origin, sponsorship or approval of Defendant's goods or other commercial activities by Dreams.

41. The aforesaid acts of Defendant constitute the use of words, terms, names, symbols and devices and combinations thereof; false designations of origin; and false and misleading representations of fact that in commercial advertising or promotion, misrepresent the nature, characteristics or qualities of Defendant's goods or other commercial activities.

42. The aforesaid acts of Defendant constitute false designation of origin, false and misleading descriptions and representations and false advertising in violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) and (b).

43. Dreams has been damaged thereby; it has no adequate remedy at law.

44. The aforesaid acts of Defendant have caused, and are causing, irreparable harm and damage to Dreams and, unless temporarily, preliminary and permanently restrained by this Court, said irreparable injury will continue.

## COUNT III
## Common Law Unfair Competition

45. Dreams repeats and realleges the allegations of paragraphs 1 through 44 of this Complaint as if fully set forth herein.

46. Dreams has expended substantial time, money, and effort in marketing products featuring Sonny Angel IP and in creating demand for such products in New Jersey and elsewhere in the United States. Consequently, these products have become widely known and accepted.

47. Defendant has distributed and sold unauthorized goods bearing and/or embodying Sonny Angel IP in New Jersey, thereby passing them off as products authorized or distributed by Dreams.

48. Defendant has knowingly and willfully appropriated Sonny Angel IP in an effort to create the impression that Defendant's products are sanctioned by Dreams and to misappropriate the goodwill associated therewith.

49. Defendant's aforesaid acts are a violation and in derogation of Dreams' common law rights and are likely to cause confusion, mistake and deception among consumers and the public as to the source, origin, sponsorship or quality of Defendant's goods.

50. Defendant's aforesaid acts constitute unfair competition and will, unless enjoined by this Court, result in diminishing of the goodwill in Dreams' intellectual property to the unjust enrichment of Defendant.

51. The unauthorized products sold by Defendant are calculated and likely to deceive and mislead purchasers who buy them in the belief that they originate with or are authorized by Dreams.

52. Defendant knows, or reasonably should know, that its conduct is likely to mislead the public.

53. Defendant committed the aforesaid acts intentionally, fraudulently, maliciously, willfully, wantonly, and oppressively with the intent to injure Dreams and its business.

54. Dreams has been damaged thereby and has no adequate remedy at law.

55. The aforesaid acts of Defendant have caused and continue to cause irreparable harm and damage to Dreams and, unless temporarily, preliminarily and permanently restrained by this Court, said irreparable injury will continue.

### COUNT IV
### New Jersey Statutory Unfair Competition
### (N.J. Stat. § 56:4-1 *et seq.*)

56. Dreams repeats and realleges the allegations of paragraphs 1 through 55 of this Complaint as if fully set forth herein.

57. The Defendant's conduct as alleged above constitutes the unlawful appropriation of Dreams' trademarks, reputation, and/or goodwill.

58. By the acts described above, Defendant has engaged in unfair competition in violation of N.J. Stat. § 56:4-1 *et seq*.

59.     Defendant's acts have caused, and will continue to cause, irreparable injury to Plaintiff.  Plaintiff has no adequate remedy at law and is thus damaged in an amount not yet determined.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Dreams and against Defendant and grant the following relief:

a.     A temporary, preliminary and permanent injunction barring Defendant and its officers, agents, servants, employees, retail customers, and all persons acting in concert with Defendant from any further unauthorized use of the Sonny Angel IP;

b.     A mandatory injunction ordering Defendant to deliver up for destruction all products bearing any simulation, reproduction, copy, or colorable imitation of any of the Sonny Angel IP ("Unauthorized Products"), including any literature, signs, prints, packages, advertising materials and any other item in its possession or under its control bearing any of the Sonny Angel IP or any simulation, reproduction, copy, or colorable imitation thereof;

c.     Compensatory damages resulting from Defendant's federal unfair competition, in an amount to be ascertained at trial;

d.     A trebling of any and all relevant damages awarded under the Lanham Act, pursuant to 15 U.S.C. § 1117 *et seq*.;

e.     Actual damages resulting from Defendant's infringement of Dreams' copyrights in the amount of the Defendant's profits or, at Dreams' election, an award of statutory damages pursuant to 17 U.S.C. § 504;

f.     Enhanced damages resulting from Defendant's willful copyright infringement pursuant to 17 U.S.C. § 504(c)(2);

  g. An award of damages for common law unfair competition;

  h. An award of damages for Defendant's unfair competition in violation of N.J. Stat. § 56:4-1 *et seq*., and a trebling of any and all such damages awarded pursuant to N.J. Stat. § 56:4-2;

  i. An award of Dreams' attorneys' fees and costs; and

  j. Such other and further relief that the Court may deem just and proper under the circumstances.

    Respectfully submitted,

    DREAMS USA, INC.

    By its Attorneys,

    */s/ Mitchell R. Edwards*
    Mitchell R. Edwards, Esq. (ID#021751999)
    Craig M. Scott (*pro hac vice* to be filed)
    Laurel Rogowski (*pro hac vice* to be filed)
    Hinckley, Allen & Snyder LLP
    100 Westminster Street, Suite 1500
    Providence, RI 02903
    (401) 274-2000 Phone
    medwards@hinckleyallen.com
    cscott@hinckleyallen.com
    lrogowski@hinckleyallen.com

Dated: November 26, 2025